IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse Manuel Skinner, #35713-019, | C/A No.: 8:18-1908-JFA-JDA |
| Petitioner, | |
| vs. | **ORDER** |
| Mrs. Bonita S. Mosley, Warden, | |
| Respondent. | |

**I.  INTRODUCTION**

Jesse Manuel Skinner, (Petitioner), proceeding *pro se*, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner presently in custody at Edgefield Federal Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this case without prejudice and without requiring Respondent to file an answer or return. (ECF No. 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 14, 2018. (ECF No. 12). Petitioner filed timely objections on August 27, 2018. (ECF No. 16). On October 19, 2018, Petitioner filed a "Notice of Order." (ECF No. 19). On December 17, 2018, Petitioner filed a "Motion for Emergency Writ of Habeas Corpus Ad Testificandum" moving this Court to conduct a hearing. (ECF No. 22). Thereafter, on January 11, 2019, Petitioner moved to amend his objections, (ECF No. 24), and attached amended objections to his motion, which this Court granted on January 16, 2019. (ECF No. 25). On January 28, 2019, Petitioner again filed amended objections to the Report. (ECF No. 28). This Court will Consider all of Petitioner's objections, (ECF Nos. 16, 24, & 28), Petitioner's "Notice of Order," (ECF No. 19), and Petitioner's "Motion for Emergency Writ of Habeas Corpus Ad Testificandum," (ECF No. 22). Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, Petitioner was charged in a twelve-count indictment related to the distribution of controlled substances, resisting arrest, and firearms violations. *United States v. Skinner*, No. 1:02-CR-93-

DCB-JMR, 2015 WL 461663, at *1 (S.D. Miss. Feb. 4, 2015). After a jury trial, on June 9, 2003, Petitioner was convicted of nine of the twelve counts. *Id.* Petitioner was sentenced on January 14, 2004, by the United States District Court for the Southern District of Mississippi for a total term of imprisonment of forty-five years in the custody of the BOP. *United States v. Skinner*, 1:02-cv-93-DCB (S.D. Miss. Feb. 17, 2004) (Judgment) (ECF No. 136).

Petitioner filed a direct appeal in the United States Fifth Circuit Court of Appeals, and the Fifth Circuit affirmed his sentence and conviction on June 1, 2005. *United States v. Skinner*, 132 F. App'x 554, 555 (5th Cir. 2005). Thereafter, Petitioner filed a § 2255 motion in the sentencing court, which was denied on the merits on July 14, 2009. *United States v. Skinner*, No. CIV A 1:06CV1091-DCB, 2009 WL 2030427 (S.D. Miss. July 14, 2009). Petitioner then appealed the denial of his § 2255 motion, which the Fifth Circuit denied. Petitioner filed two subsequent § 2255 motions, which were both denied. Both § 2255 motions were denied as successive petitions without authorization; however, both § 2255 motions were also considered on the merits and the court found that Petitioner's arguments still failed. See *United States v. Skinner*, No. 1:14-cv-238-DCB, 2015 WL 461663, at *1 (S.D. Miss. Feb. 4, 2015) ("But even if Skinner had successfully certified his second motion, his argument would still fail."); *Skinner v. United States*, No. 1:17-cv-151-DCB, 2018 WL 522780, at *1 (S.D. Miss. Jan. 23, 2018) [2] ("This successive motion has not been certified by the Fifth Circuit as required by 28 U.S.C. § 2255(h). Nor would it be, as it brings

---

[2] It appears the Magistrate Judge inadvertently stated in the Report that the Petitioner obtained permission from the Fifth Circuit to file this § 2255 motion. (ECF No. 12 p. 2). However, Petitioner did not obtain permission. *See Skinner v. United States*, No. 1:02-CR-93 (DCB), 2018 WL 522780, at *2 (S.D. Miss. Jan. 23, 2018) (The Court finds that Skinner's successive § 2255 motion must be dismissed since (1) it has not been certified by the Fifth Circuit as required by 28 U.S.C. § 2255(h), and (2) it lacks merit.").

forth no new evidence nor is it based on a new rule of constitutional law. For that reason alone, it must be dismissed. Nevertheless, the Court will address the merits of the petition.").

## II. DISCUSSION

In his § 2241 Petition, it appears that Petitioner attacks his criminal conviction and sentence and seeks immediate release from BOP custody.[3] The crux of Petitioner's argument is essentially that he is "being held illegally because the United States lacked [federal] territorial and criminal [jurisdiction] . . . ." (ECF No. 1 p. 37). Petitioner also argues he is "actually innocent of these non-existent federal offenses . . . ." (ECF No. 1 p. 38).

The Magistrate Judge suggests that the instant petition be dismissed without prejudice because: "The Petition is devoid of allegations suggesting that § 2255 is inadequate or ineffective such that the savings clause would apply to permit Petitioner to raise his claims under a § 2241 petition." (ECF No. 12 p. 6).

Many of Petitioner's "objections" are not specific because they are either a rehash of his initial Petition or do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. First, Petitioner attempts to object to the Magistrate Judge's statement:

> As grounds for submitting the present habeas action, Petitioner appears to claim that the Federal Government lacks constitutional authority to enact criminal statutes related to drug crimes and therefore lacked jurisdiction to prosecute, convict, and sentence Petitioner. [Doc. 1 at 14–16.] While the allegations and arguments set forth in the Petition are difficult to understand, it appears that Petitioner contends only the States may prosecute drug crimes, not the Federal Government. [*Id.* at 19–24.]

---

[3] The petition is not entirely clear. Petitioner states: "the previously filed Motion pursuant to Title 28 U.S.C. § 2255 et al., may have been inadequate, because those Petitions were actually in specific terms attacking Movant's sentence, while this Petition is actually testing the legality of Movant's imprisonment against whom has immediate custody of Movant's being." (ECF No. 1). The Magistrate Judge considered Skinner's petition as attacking both his criminal conviction and sentence. Since the petition is not entirely clear, out of an abundance of caution, this Court will also consider Skinner's petition as challenging both the legality of his conviction and sentence.

(ECF No. 12 ps. 3–4).

Petitioner claims the Magistrate Judge's statement "is the most absurd, most ridiculous and ignorant statement Movant has ever heard in almost twenty (20) years of litigating." (ECF No. 16 p. 6). Petitioner argues that the Magistrate Judge "cannot even cite a correct page number." As an initial matter, Petitioner's objection is difficult to understand. Petitioner does not direct this Court to a specific error or explain why the statement is "absurd." A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner's initial § 2241 petition continually argues that the federal government did not have "federal criminal jurisdiction to convict Movant of these nonexistent federal offense[s]. . . ." (ECF No. 1 p. 2). Petitioner does not explain or point out why the Magistrate Judge's statement regarding his initial petition is incorrect. Petitioner's "objection" is not specific because Petitioner has not explained why the Magistrate Judge's statement is "absurd."

However, construing the objections in light most favorable to Petitioner, he makes several specific objections. Next, Petitioner objects to the standard applied by the Magistrate Judge. (ECF No. 16 p. 7). The Report states:

> This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

(ECF No. 12 p. 3).

Petitioner objects to the standard applied by the Magistrate Judge by arguing § 2254 applies to those is custody pursuant to a judgment of a state court and Petitioner "is not in state custody but in federal custody pursuant to federal charges . . . ." (ECF No. 16 p. 7). Petitioner's objection

is without merit. As the Magistrate Judge correctly points out, under Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012), a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. Thus, Petitioner's objection is overruled.

Next, Petitioner appears to object to the Magistrate Judge's application of the savings clause by stating "the instant Petition is not pursuant to § 2255 but pursuant to § 2241." (ECF No. 16 p. 8). Petitioner's objection is without merit because he must meet the savings clause to proceed under § 2241, which he cannot do.

"Generally, a § 2241 petition 'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. CIVA 9:08CV3177PMDBM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). Here, Petitioner argues the Federal Government "lacked [federal] territorial and criminal [jurisdiction]" to convict him and that he is actually innocent of "these non-existent federal offenses . . . ." (ECF No. 1 ps. 37–38). Because Petitioner attacks the legality of his detention, his claim is the type which normally should be brought under § 2255. (ECF No. 1) ("[T]his Petition is actually testing the legality of Movant's imprisonment against whom has immediate custody of Movant's being.").

"[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

> sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a §2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019).

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Wheeler*, 886 F.3d at 427 (citing *Jones*, 226 F.3d at 333–34).

The Fourth Circuit Court of Appeals established a test for when a petitioner may meet the savings clause under § 2255 when he contests his sentence, not only his conviction. *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Section "2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429.

Petitioner argues that he already applied for relief from the sentencing court, but the sentencing court "illegally den[ied] Movant's Petition." (ECF No. 16 ps. 8–9). Petitioner argues that this denial from the sentencing court is evidence that § 2255 is inadequate or ineffective to test the legality of his detention. (ECF No. 16 p. 9).

Petitioner repeatedly argues that he cannot file a successive § 2255 motion because he would have to prove newly discovered evidence and/or a new rule made retroactive by the Supreme Court. Petitioner states: "which movant quite literally cannot claim either, therefore, leaving Movant with the only available remedy vehicle left, e.g., the most precious safe-guard for liberty the writ of habeas corpus subjiciendum, i.e., the instant Petition [1] now before this Court." (ECF No. 24 p. 3).

On October 19, 2018, Petitioner filed a "Notice of Order" (ECF No.19) with this Court. Petitioner provided this Court with the Fifth Circuit's Order denying Skinner's petition to file a successive § 2255 motion. The Fifth Circuit reasoned that Petitioner had not shown that his claims were based on either newly discovered evidence or a previously unavailable rule of constitutional law that the Supreme Court has made retroactive on collateral review. The Fifth Circuit further reasoned that Petitioner had not established that he should be allowed to filed a successive § 2255 motion based on his actual innocence. In light of the Fifth Circuit's decision, Petitioner now objects and argues to this Court that a § 2255 "is not the appropriate remedy vehicle to collaterally attack my custody/detention, only the sentence may be collaterally attacked via § 2225. Therefore § 2255 is not adequate or effective to test the legality of my custody. A § 2241 is for this purpose and a § 2254 is for those in state custody." (ECF No. 19).

Here, Petitioner is arguing that because he is unable to obtain relief under § 2255, it is inadequate or ineffective. However, that is not the law. Petitioner has not shown he has met the

savings clause merely because he cannot pursue a successive § 2255 motion. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). *See also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion.") (internal citations omitted).

Petitioner does not state or cite to any new rule of substantive law applicable to either his conviction or sentence. To the contrary, Petitioner's claims revolve around his argument that there was no "federal criminal jurisdiction to convict Movant of these nonexistent federal offense[s]...." (ECF No. 1 p. 2). Thus, Petitioner has not alleged anything to satisfy the second prong of either the *Jones* or *Wheeler* test and therefore, Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of either his conviction or sentence. In fact, Petitioner argues that since his conviction was illegal it "negates any further consideration of the [savings clause] test." (ECF no. 28 p. 11). Since Petitioner cannot invoke the savings clause, he cannot pursue the instant § 2241 petition. The savings clause is a jurisdictional requirement. *Wheeler*, 886 F.3d at 423. Thus, Petitioner's objection is overruled.

Petitioner also argues there was a delay in asserting his claim in his initial § 2255 motion because he struggled with researching Mississippi State Constitution and Laws since the computer and law books at the prison only provided access to federal law and Washington D.C. law. (ECF No. 24 p. 3; ECF No. 28 p. 3). Petitioner argues that due to this "obstruction," he was "not able to formulate the existing Claim I" until "well after" he filed his first § 2255 motion. (ECF No. 24 p. 2). Petitioner goes on to argue again that a § 2255 motion is inadequate or ineffective because he

now cannot file a successive petition because he cannot prove newly discovered evidence or a new rule made retroactive by the Supreme Court. *Id.*

As an initial matter, this objection is without merit because as explained above, Petitioner still cannot meet the savings clause. In any event, this Court notes Petitioner's objection is also without merit because even though Petitioner's subsequent § 2255 motions were both successive, the court *still* considered Petitioner's arguments on the merits and determined his arguments would still fail even if he had permission to file a successive motion. *United States v. Skinner*, No. 1:02-CR-93-DCB-JMR, 2015 WL 461663, at *1 (S.D. Miss. Feb. 4, 2015) ("But even if Skinner had successfully certified his second motion, his argument would still fail."); *Skinner v. United States*, No. 1:02-CR-93(DCB), 2018 WL 522780, at *1 (S.D. Miss. Jan. 23, 2018) ("This successive motion has not been certified by the Fifth Circuit as required by 28 U.S.C. § 2255(h). Nor would it be, as it brings forth no new evidence nor is it based on a new rule of constitutional law. For that reason alone, it must be dismissed. Nevertheless, the Court will address the merits of the petition.").

In Skinner's § 2255 motion filed on May 15, 2017, Petitioner raised the same claims that are raised in this instant § 2241 petition (ECF No. 1) regarding the validity of the search warrant. *See* case 1:02-cr-00093-DCB-JMR ECF No. 269. Thus, even though Petitioner claims he could not raise this claim regarding the search warrant in his initial § 2255 motion due to a lack of resources in the prison library, it was in fact raised in a subsequent § 2255 motion and considered on the merits. Therefore, Petitioner's objection is overruled.

This Court is unable to construe any other specific objections. Petitioner mainly rehashes his initial arguments made in his Petition (ECF No. 1) that the federal government lacked jurisdiction to convict him. (See, for example ECF No. 24 ps. 3–4.) A specific objection to the

Magistrate's Report requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Further, Petitioner's "Motion for Emergency Writ of Habeas Corpus Ad Testificandum," (ECF No. 22), also sets forth the same arguments that are in Skinner's initial Petition and objections thereto. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary. Based on the foregoing, this motion, (ECF No. 22), is denied.

I. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation (ECF No. 12) fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 12). Skinner's Petition is thus **dismissed** without prejudice and without requiring Respondent to file an answer or return. Further, Petitioner's "Motion for Emergency Writ of Habeas Corpus Ad Testificandum," (ECF No. 22), is **denied**.

IT IS SO ORDERED.

June 6, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge